■ CAROL ALLEN, Respondent, v ABBOTT LABORATORIES et al., Defendants, WILLIAM H. RORER, INC., et al., Appellants, and ELI LILLY AND COMPANY et al., Respondents. (And Other DES Actions Identified in the Appendix to the Notice of Appeal.)—Order, Supreme Court, New York County (Ira Gammerman, J.), entered March 2, 1988, which denied the motion of defendant Winthrop Pharmaceuticals, a division of Sterling Drug Inc., pursuant to CPLR 3211 (a) (7), and the motion of defendant William H. Rorer, Inc., pursuant to CPLR 3211 (a) (7) and 3212, which seek to dismiss the claims against them on the ground that they never manufactured, marketed or sold DES for the prevention of miscarriage or any other pregnancy-related use, unanimously affirmed, without costs.

The Court of Appeals, in *Hymowitz v Lilly & Co.* (73 NY2d 487, *cert denied* — US —, 110 S Ct 350), has adopted a market-share theory, using a national market, for determining liability and apportioning damages in DES cases in which identification of the manufacturer of the drug that injured the plaintiff is impossible. Under that theory, a defendant is not culpable and should not be held liable if it was not a member of the national market of DES marketed for pregnancy. Thus, if a defendant sold DES in a form unsuitable for use during pregnancy or establishes that its product was not marketed for pregnancy use, there should be no liability. *(Supra,* at 512, n 2.)

In denying appellants' motions, Justice Gammerman found that although Rorer and Winthrop sold their DES for non-pregnancy purposes, both manufactured it in doses prescribed for use in pregnancy. He also found "strong evidence" indicating that pharmacists often filled DES prescriptions from whatever stock of DES they had on hand, without regard to whether the drug was prescribed for use during pregnancy or whether it was manufactured by a company that specifically "indicated" the use of DES in pregnancy.

Under the circumstances, the issue presented is whether appellants can be found to have marketed DES with the knowledge that it would be used during pregnancy or whether DES was manufactured and sold by appellants in a form unsuitable for use during pregnancy. However, as in *Hymowitz (supra,* at 512, n 2), "[f]rom the record before the court here * * * the facts are not developed well enough to establish that any defendants were not in the national market of DES sold for pregnancy use. Thus summary judgment cannot at this time be granted on this issue as to any defendants." Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.